IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

```
CHARLES ROBINSON,              )
                               )
        Plaintiff,             )
                               )
v.                             ) Civ. No. 04-263-GMS
                               )
THOMAS CARROLL, DR.            )
BOSTON, STANLEY TAYLOR,        )
and JIM LUPANETTI,             )
                               )
        Defendants.            )
```

**MEMORANDUM**

Charles M. Robinson ("Robinson") is a pro se litigant who is currently incarcerated at the Delaware Correctional Center ("DCC") located in Smyrna, Delaware. His SBI number is 342781. Robinson filed this action pursuant to 42 U.S.C. § 1983, and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

**I.   STANDARD OF REVIEW**

The court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331. Reviewing complaints filed pursuant to 28 U.S.C. § 1915 is a two-step process. First, the court must determine whether Robinson is eligible for pauper status. On May 26, 2004, the court granted Robinson leave to proceed in forma pauperis, determined that he had no assets with which to pay the filing fee and ordered him to file an authorization form within thirty days, or the case would be dismissed. Robinson filed the required authorization form on June 2, 2004.

Once the pauper determination is made, the court must then determine whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief pursuant to 28 U.S.C. §§ 1915(e)(2)(B)-1915A(b)(1).[1] If the court finds that Robinson's complaint falls under any of the exclusions listed in the statutes, then the court must dismiss the complaint.

When reviewing complaints pursuant to 28 U.S.C. §§ 1915(e)(2)(B)-1915A(b)(1), the court must apply the standard of review set forth in Fed. R. Civ. P. 12(b)(6). See Neal v. Pennsylvania Bd. of Prob. & Parole, No. 96-7923, 1997 WL 338838 (E.D. Pa. June 19, 1997)(applying Rule 12(b)(6) standard as appropriate standard for dismissing claims under § 1915A). Thus, the court must "accept as true factual allegations in complaint and all reasonable inferences that can be drawn therefrom." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(citing Holder v. City of Allentown, 987 F.2d 188, 194 (3d Cir. 1993)). Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff

---

[1] These two statutes work in conjunction. Section 1915(e)(2)(B) authorizes the court to dismiss an in forma pauperis complaint at any time, if the court finds the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. Section 1915A(a) requires the court to screen prisoner complaints seeking redress from governmental entities, officers or employees before docketing, if feasible and to dismiss those complaints falling under the categories listed in § 1915A(b)(1).

can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 520-521 (1972)(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

The United States Supreme Court has held that as used in § 1915(e)(2)(B), the term "frivolous" when applied to a complaint, "embraces not only the inarguable legal conclusion but also the fanciful factual allegation." Neitzke v. Williams, 490 U.S. 319, 325 (1989).[2] Consequently, a claim is frivolous within the meaning of § 1915(e)(2)(B) if it "lacks an arguable basis either in law or in fact." Id. As currently presented, Robinson's complaint has no arguable basis in law or in fact, and shall be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)-1915A(b)(1).

## II. DISCUSSION

### A. The Complaint and the Amendment

Robinson filed his original complaint on April 22, 2004. In this complaint, Robinson named the following defendants: Warden Thomas Carroll ("Carroll"), and Dr. Boston ("Boston"). (D.I. 2 at 2-3) Robinson alleges that he has an appeal pending in the Delaware Supreme Court.[3] (Id. at 3) He further alleges that he

---

[2] Neitzke applied § 1915(d) prior to the enactment of the Prisoner Litigation Reform Act of 1995 (PLRA). Section 1915 (e)(2)(B) is the re-designation of the former § 1915(d) under the PLRA. Therefore, cases addressing the meaning of frivolous under the prior section remain applicable. See § 804 of the PLRA, Pub. L. No. 14-134, 110 Stat. 1321 (April 26, 1996).

[3] The court notes that Robinson filed an appeal from the Superior Court's order denying his motion for correction of illegal sentence, and that Delaware Supreme Court has recently denied his appeal. See Robinson v. State, No. 401, 2005 WL
(continued...)

has requested copies of his mental health records "to prove my case. I have written all the proper people needed to release the records with no response. The records are very important in [whether] my case will be reversed or dismissed." (Id.) Robinson requests that the court issue an order requiring the defendants to provide him with a copy of his mental health records. Robinson further requests that the court award him $900,000 in compensatory damages. (Id. at 4)

On May 11, 2004, Robinson filed a Motion to Amend Complaint, requesting leave to add the following defendants: Stanley Taylor ("Taylor") and Jim Lupanetti ("Lupanetti"). (D.I. 8) Robinson alleges that he contacted both Taylor and Lupanetti regarding obtaining copies of his mental health records, and that neither Taylor, nor Lupanetti responded. (Id.) Under Fed. R. Civ. P. 15(a) a plaintiff may amend a complaint once, as a matter of course, at any time before a responsive pleading is served. As this case has not been served, the court construes the motion simply as Robinson's amended complaint, and shall direct the clerk of the court to add Taylor and Lupanetti as Defendants in the caption.

### B. Robinson's Motions for Appointment of Counsel and Motion to Submit Subpoenas

Robinson has also filed three motions for appointment of

---

[3](...continued)
535007 (Del. Supr. Feb 14, 2005). Furthermore, it is clear that Robinson has filed several post conviction motions requesting correction of his sentence. See Robinson v. State, 854 A.2d 1159 (Table) 2004 WL 1656503 (Del. Supr. Jul. 20, 2004).

counsel. (D.I. 7; D.I. 9; D.I. 14)  In each motion, Robinson alleges that he is unskilled in the law, has limited access to the law library, and that he suffers from "Bipolar Disorder and Schizophrenia," which prevent him from adequately prosecuting this case. (Id.)

A pro se litigant proceeding in forma pauperis, has no constitutional or statutory right to appointed counsel. See Coleman v. Thompson, 501 U.S. 722, 752 (1991); Reese v. Fulcomer, 946 F.2d 247, 263 (3d Cir. 1991); United States v. Roberson, 194 F.3d 408, 415 n.5 (3d Cir. 1999).  However, a court may seek representation by counsel for a plaintiff "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [plaintiff] resulting . . . from [plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case."  Tabron v. Grace, 6 F.3d 147, 154 (3d Cir. 1993)(citing Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984)); 18 U.S.C. § 3006A (a)(2)(B)(West 2003)(representation by counsel may be provided when a court determines that the "interests of justice so require").

Here, Robinson argues that he needs representation by counsel because he cannot investigate the facts and gather relevant testimonies, the issues are complex, he has limited knowledge of the law, he has limited access to the prison law library, and he has mental disorders which prevent him from

adequately presenting his claims. (D.I. 7; D.I. 9; D.I. 14)

After reviewing Robinson's motions and supporting memoranda, the court concludes that the "interests of justice" do not warrant representation by counsel at this time. Robinson has adequately and coherently presented his claim to the court. See, e.g., Reese, 946 F.2d at 263; Boyd v. Groose, 4 F.3d 669, 671 (8th Cir. 1993). Moreover, Robinson's claim seems to be fairly "straightforward and capable of resolution on the record," and his filings in this Court indicate his ability to present his case. Parham v. Johnson, 126 F.3d 454, 460 (3d Cir. 1997)(citations omitted). It also does not appear that expert testimony will be necessary, or that the ultimate resolution of the complaint will depend upon credibility determinations.

Finally, on June 2, 2004, Robinson filed a "Motion to Submit Subpoenas to Obtain Witnesses for Trial." (D.I. 12) Because the court finds that Robinson's complaint if frivolous, the court shall deny this motion as moot.

**C. Analysis**

To state a claim under 42 U.S.C. § 1983, Robinson must allege "the violation of rights secured by the Constitution and laws of the United States, and must show that alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988)(citing Parratt v. Taylor, 451 U.S. 527, 535 (1981)(overruled in part on other grounds not relevant here by, Daniels v. Williams, 474 U.S. 327, 330-31

(1986)).  Robinson has alleged that Carroll, Boston, Taylor and Lupanetti are "person[s] acting under the color of state law." Id.  Consequently, the court must determine if Robinson is alleging that Carroll, Boston, Taylor and Lupanetti have violated "a right secured by the Constitution or laws of the United States."  Id.

While it is well-settled that the "state must provide an indigent defendant with a transcript of prior proceedings when that transcript is needed for an effective defense or appeal," Britt v. North Carolina, 404 U.S. 226, 227 (1971), this court has determined that it is unclear whether an indigent state defendant has a constitutional right to transcripts in order to prepare a state collateral attack.  See Ortiz v. Snyder, 2002 WL 511517, at * 7 (D. Del. Apr. 2, 2002)(citing Wade v. Wilson, 396 U.S. 282, 286 (1970))(declining to decide whether the "Constitution required State to furnish an indigent state prisoner free of cost a trial transcript to aid him to prepare a petition for collateral relief").  In Ortiz, this court held that the state prisoner must met a two part test in order to demonstrate a particularized need for the transcript.  See Ortiz v. Snyder, No. No. 99-426-GMS, 2002 WL 511517, at *7 (D. Del. Apr. 2, 2002). See also United States v. MacCollum, 426 U.S. 317 (1976).[4]

---

[4] Courts consider two factors in determining whether a transcript is needed: "(1) the value of the transcript to the defendant in connection with the appeal or trial for which it is sought, and (2) the availability of alternative devices that would fulfill the same functions as a transcript."  Britt, 404
(continued...)

In the instant case, Robinson is requesting copies of mental health records to prepare a collateral attack on his sentence. Robinson merely alleges that the records will prove his case. (D.I. 2 at 3)  Without more, Robinson fails to allege that he has a particularized need for his mental health records.  Cf. Negron v. Adams, 229 F.3d 1164 (table), 2000 WL 1152554, at **3 (10th Cir. 2000)(A fishing expedition to find errors on which to base a collateral attack does not demonstrate the type of particularized need required to obtain free transcripts); U.S. v. Woods, 2004 WL 2786143, *1 (E.D. Pa. Oct. 7, 2004)(collecting cases). Consequently, Robinson's argument that he has a constitutional right to copies of his mental health records to prepare a collateral attack on his sentence is even more tenuous than the Ortiz petitioner's argument for copies of his trial transcript.

**III.   CONCLUSION**

Robinson's Fourteenth Amendment Due Process claim shall be dismissed as frivolous in accordance with the provisions of 28 U.S.C. §§ 1915(e)(2)(B)-1915A(b)(1).

DATED: March 19, 2005

_____/s/_____
UNITED STATES DISTRICT JUDGE

---

[4](...continued)
U.S. at 227.